Daniel, Judge,
 

 after stating the plea and evidence as above, proceeded: It is evident, that our legislature intended to allow to- bail greater privileges than were afforded by the common law. By the act of
 
 1777, {Rev. c.
 
 115,
 
 s,
 
 20,) a surrender made at any time before final judgment against the bail, discharges them. ' The same act allows a surrender to be made either in court, or to the sheriff, in the recess of the bail pleads a surrender, he shou^^|^}Hl^5^^^íh.e surrender was in court, or to tlab sheriff, that me|plaintiff" may know how to reply ; b|iji^^i||lithat the surrender was in court, thel-eplication is
 
 mil tmfecord ;
 
 if out of court, the fact is de%e^,4^|fSfeí4^^^fíie jury tendered. The defendant, as%jvüAn surrendered his principal to himself as shemf, and in the latter character, committed him to the common jail of the county. He gave express notice of all these facts to the plaintiff. The defendant had the same privileges as any other person, who should happen to be bail. He had a right as bail, to surrender his principal to himself as sheriff, in the recess of the court, and notify the plaintiff. The law, in permitting the sheriff to be special bail, did not intend to deprive him of any of the rights which are allowed to other bail. Woful would be the situation of sheriffs in this state, if the law was otherwise; for it is a well known fact, that they are the special bail of a large number of the defendants arrested on writs of
 
 capias ad respondendum.
 
 After the defendant had confined his principal in his jail, if an escape had taken place, we can see nothing to prevent the plaintiff from maintaining an action for that escape against the defendant as sheriff. The principle of law, that one who is bail, may surrender to himself as sheriff, is not
 
 *394
 
 controverted in any of the cases on the subject. It a];u pears to be recognised in
 
 Davidson v. Mull,
 
 (1
 
 Hay. 364,)
 
 and
 
 Tuton
 
 v.
 
 Sheriff of Wake.
 
 (1
 
 Hay.
 
 486.)
 

 isíaih surrender the principal to añd^afterwavds there is an es-dyis’ by debtor «se.
 

 If the surrender was properly made, and from the finding of the jury under the correct charge of the court, We think it was, then if the prisoner was discharged illegally, the remedy cannot be by sci
 
 fa ;
 
 but must be by an action of debt, or on the case against the defendant as sheriff, for an escape. Therefore, it is unnecessary to. consider whether
 
 Bslick
 
 was discharged legally or not, as the plaintiff cannot recover, if the discharge was improper.
 

 Per Curiam. — Judgment aeeirmed..